IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WILLIAM E. SPAULDING III, §
TDCJ #297304, §
§
      Petitioner, §
§
v. § CIVIL ACTION NO. H-04-2937
§
DOUGLAS DRETKE, §
§
      Respondent. §

**MEMORANDUM OPINION AND ORDER**

Petitioner, William E. Spaulding III, filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. Pending before the court is Respondent Douglas Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry Nos. 12 and 13), to which petitioner has not responded. For the reasons set forth below, the court will grant respondent's motion for summary judgment and deny petitioner habeas corpus relief.

**I.  Procedural History and Claims**

The Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) has lawful custody of Spaulding pursuant to a 1985 judgment for aggravated sexual abuse. **Spaulding was sentenced to thirty-five years in prison.** A procedural history of Spaulding's conviction is not necessary because he is not

challenging his conviction or sentence, but instead is challenging a prison disciplinary action, case number 20030334988.

On August 11, 2003, Spaulding was found guilty of threatening to inflict harm on another offender. (Docket Entry No. 11, Disciplinary Hearing Report, pp. 1-2)  The charging officer's report and testimony state that Spaulding threatened to harm another inmate, Antonio Aguilar, by yelling, "Tommy, the war is on with you, Bubba."  (Id. at 10-11.)  Spaulding's punishment for this offense consisted of a loss of 45 days of good-time credit.  (Id. at 1-2.)

On August 15, 2003, Spaulding initiated a step-1 grievance appealing the disciplinary case.  (Docket Entry No. 11, Disciplinary Grievance Records, p. 1)  This grievance was denied on September 18, 2003. (Id. at 2.)  Spaulding then submitted a step-2 grievance appealing the case.  (Id. at 3.)  This grievance was denied on October 2, 2003.  (Id. at 4.)  Spaulding filed the instant Petition for a Writ of Habeas Corpus by a Person in State Custody on July 19, 2004.  (Docket Entry No. 1)  In his petition, Spaulding claimed he was denied due process because

  (1)  he was unfairly denied a witness at the hearing;

  (2)  the hearing officer was biased due to his participation in a prior endangerment complaint involving Spaulding; and

  (3)  the hearing officer unfairly influenced the charging officer's testimony.

(Id. at 7-8.)

-2-

## II. Motion for Summary Judgment

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. The moving party is entitled to judgment as a matter of law if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex, 106 S. Ct. at 2552. The movant must meet this burden by presenting evidence in the record showing that the non-movant cannot carry his or her burden of proof at trial. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial. Id. If the non-movant is unable to meet this burden, then the motion for summary judgment will be granted. Fed. R. Civ. P. 56(c)(e).

## III. Analysis

Spaulding claims that because he was unfairly denied a witness at his prison disciplinary hearing, and because the hearing officer was unfairly biased, his due process rights were violated. Since Spaulding is eligible for mandatory supervision and good-time credit was taken away from him in a prison disciplinary hearing, it is necessary to examine the procedures for satisfying due process

requirements.  See Malchi v. Thaler, 211 F.3d 953, 958-959 (5th Cir. 2000).

Because prison disciplinary proceedings generally do not form part of a criminal prosecution, "the full panoply of rights due to a defendant in such proceedings does not apply." Wolff v. McDonnell, 94 S. Ct. 2963, 2975 (1974).  According to Wolff, an inmate is entitled to

1. written notice of the disciplinary violation charged at least twenty-four hours in advance of the hearing;

2. the right to call witnesses and present evidence at the hearing, consistent with the requirements of prison security; and

3. a written statement by the factfinders of the evidence relied on and reasons for the disciplinary action.

Id. at 2978-79.  Within the limits of these due process standards prison officials have wide discretion.  Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986).

While Wolff gives inmates the right to a fair tribunal, "the extent of impartiality required in prison disciplinary proceedings must be gauged with due regard to the fact that they 'take place in a closed, tightly controlled environment' in which 'guards and inmates co-exist in direct and intimate contact.'" Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1984) (quoting Wolff, 94 S. Ct. at 2977).  As such, the standard of review for prison disciplinary

-4-

proceedings is merely whether they were "arbitrary and capricious," or an abuse of discretion.  Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995); Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981).  As long as there is some evidence to support the prison disciplinary officer's findings, the results of the hearing should be upheld.  Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001); Banuelos, 41 F.3d 232, 234.

All three of the Wolff requirements were satisfied in Spaulding's disciplinary proceeding.  First, the record reflects that Spaulding received written notice of the disciplinary charges on August 4, 2003, at 12:40 p.m.  **(Docket Entry No. 11, Disciplinary Hearing Report at page 1)**  The hearing was conducted on August 11, 2003, eight days after the written notice was delivered.  (Id.)  Second, Spaulding was given the opportunity to call witnesses and present evidence at the hearing.  (Id. at 1-8, 13-14.)  Finally, Spaulding was provided with a final report of the disciplinary hearing, which stated the evidence relied upon by the fact-finders and the reason for the disciplinary action.  (Id. at 1.)

In addition, ample evidence was presented to support the hearing officer's decision.  The charging officer's report and testimony supported the outcome of the hearing.  (Id. at 4, 9-10.)  Furthermore, Spaulding admitted in his testimony that he shouted a statement similar to the alleged threat.  (Id. at 2, 8, 10.)  The

hearing officer reviewed and considered this evidence. In light of these facts, the hearing officer's decision did not offend due process. Gibbs, 779 F.2d at 1044.

Spaulding's claims of bias on the part of the hearing officer are conclusory because they are not supported by anything in the record aside from Spaulding's own assertions. Spaulding claims that the hearing officer was biased because he participated in another administrative hearing involving Spaulding, which "tainted his outlook" on the case (Docket Entry No. 1, p. 7). However, Spaulding offers no further proof or explanation of his claim. "[M]ere conclusory statements do not raise a constitutional issue in a habeas case." Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982). Moreover, conclusory allegations unsupported by specifics are subject to summary dismissal. Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977).

Spaulding's claim of the unfair denial of a witness at the hearing is also conclusory, and therefore without merit. Schlang, 691 F.2d at 799; Blackledge, 97 S. Ct. at 1629. Spaulding speculates that officer Conrad would have testified that Spaulding made a different statement than that found by the hearing officer. See Step 1 grievance. In fact, the record indicates that the hearing officer considered officer Conrad's written statement (Docket Entry No. 1, Disciplinary Hearing Report, p. 11), in which

officer Conrad asserted that Spaulding made a statement similar to the alleged threat, "alright Tony the war is on," directed to Antonio Aguilar.  Therefore, the hearing officer's decision to deny the witness was not arbitrary or an abuse of discretion.

## IV.  Conclusion and Order

Because all three of the <u>Wolff</u> requirements were fulfilled in Spaulding's disciplinary proceeding, and the decision of the hearing officer was neither arbitrary nor capricious, Respondent's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**. Spaulding's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 28th day of June, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE